UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **PHILLIP LEE OWENS,** | |
| Petitioner, | |
| v. | CAUSE NO. 3:23-CV-1123-JTM-JEM |
| **SHERIFF,** | |
| Respondent. | |

## OPINION and ORDER

Phillip Lee Owens, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his conviction in Kosciusko County under Case No. 43D01-2010-F5-000717. (DE # 5.) He moves for leave to proceed in forma pauperis. (DE # 2.) In the interest of justice, his motion is granted and the filing fee waived.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must review the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" According to the petition and public records, in March 2021 Mr. Owens pled guilty to battery with bodily injury to a public safety officer and operating a vehicle while intoxicated.[1] *State of Indiana v. Owens*, No. 43D01-2010-F5-00717 (Kosciusko Sup. Ct. filed Oct. 5, 2020). He was sentenced to an aggregate term of three years, with one year suspended to probation. *Id.* He did not pursue an appeal to the Indiana Court of Appeals. (DE # 5 at 1.)

---

[1] The court is permitted to take judicial notice of public records in ruling on the petition. *See* FED. R. EVID. 201.

He was released on probation on an unknown date, but in June 2023 he was arrested on new charges of residential breaking and entry, criminal recklessness, and other offenses. *State of Indiana v. Owens*, No. 35C01-2306-F4-000182 (Huntington Cir. Ct. filed June 19, 2023). Those charges remain pending. *Id.* Because of the new charges, a petition to revoke his probation was filed in the battery and OWI case, which also remains pending.[2] *Owens*, No. 43D01-2010-F5-00717.

On December 23, 2023, Mr. Owens filed a document in which he appeared to challenge a state conviction. (DE # 1.) This document was stricken as procedurally deficient, but he was granted leave to file a federal habeas corpus petition on the appropriate form. On February 4, 2024, he filed the present petition under 28 U.S.C. § 2254. (DE # 5.) He asserts four claims, which the court construes as follows: (1) his right to counsel was violated in connection with his guilty plea because his attorney had a conflict of interest; (2) his guilty plea was not voluntary; (3) his rights under the Double Jeopardy Clause were violated because the court imposed a sentence that ran consecutively to a sentence imposed in another case; and (4) the evidence was insufficient to prove that he committed battery. (*Id.* at 3-4.)

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") contains a strict statute of limitations, set forth as follows:

---

[2] Because it appears he still has a term of probation (and potentially additional prison time) to serve in connection with the battery and OWI conviction, he meets the "in custody" requirement for pursuing federal habeas relief. *See Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Mr. Owens was sentenced in March 2021, and he acknowledges that he did not appeal to the Indiana Court of Appeals.[3] His conviction became final under 28 U.S.C. § 2244(d)(1)(A) when the time for filing a direct appeal in the Indiana Court of Appeals expired 30 days after judgment was entered. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (for habeas petitioners who do not complete all levels of state review, the judgment becomes final when the time for seeking further review expires); IND. R. APP. 9(A) (appeal must be filed within 30 days of judgment). The federal limitations period

---

[3] He asserts that he sought relief in the Indiana Supreme Court, but the docket number he provides is for the trial court proceeding. (DE # 5 at 1.) There is no public record of him having filed a direct appeal to the Indiana Supreme Court. He also states that he pursued state post-conviction relief, but the case number he provides is for this federal case. (*Id.* at 2.) There is no public record of him pursuing state post-conviction relief either.

3

began running in April 2021, giving him until April 2022 to file a timely federal habeas petition. He did not file by that deadline and instead waited until December 2023 to seek federal habeas relief.[4]

When asked to explain why his petition is timely under the provisions of 28 U.S.C. § 2244(d), he states as follows: "I was unlawfully incarcerated and charged with a crime I didn't commit. If anything I was a victim and resisted. I need to handle this case before April 2024. Please help me." (DE # 5 at 5.) This statement does not address the timeliness issue or provide a potential basis for tolling the deadline. His claims do not implicate newly discovered facts or a newly recognized constitutional right made retroactive to cases on collateral review, nor does he argue that a state-created impediment prevented him from filing on time. Therefore, the petition is untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must establish that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As outlined above, the petition is untimely by more than a year and Mr. Owens does not provide a potentially meritorious argument for tolling the deadline. The court finds no basis to

---

[4] Although it is debatable, the court will afford him the benefit of the doubt and presume that his petition filed in February 2024 "relates back" to his procedurally deficient filing in December 2023. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). In either case, the petition is untimely.

4

conclude that reasonable jurists would debate the correctness of the court's procedural ruling or find a reason to encourage him to proceed further.

For these reasons, the court:

(1) **GRANTS** the petitioner's motion to proceed in forma pauperis (DE # 2) and **WAIVES** the filing fee;

(2) **DISMISSES** the petition (DE # 5) pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(3) **DENIES** the petitioner a certificate of appealability; and

(4) **DIRECTS** the clerk to close this case.

                                 **SO ORDERED.**

Date: February 27, 2024

                        s/James T. Moody
                        JUDGE JAMES T. MOODY
                        UNITED STATES DISTRICT COURT